J-S06021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT HALL | : | |
| Appellant | : | No. 1532 EDA 2016 |

Appeal from the PCRA Order April 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0409511-1997

BEFORE: MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED APRIL 24, 2017**

Appellant Robert Hall appeals from the order entered April 11, 2016, denying as untimely his serial petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Following the 1997 murder of Edward Williams, a jury convicted Appellant of second-degree murder, robbery, criminal conspiracy, and abuse of a corpse.[1] Appellant was sentenced to a mandatory term of life imprisonment. This Court affirmed the judgment of sentence on direct appeal; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Hall***, 750 A.2d 368 (Pa. Super. 1999), *appeal denied*, 759 A.2d 383 (Pa. 2000).

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 2502, 3701, 903, 5510, respectively.

In June 2001, Appellant filed his first petition for collateral relief. The PCRA court dismissed the petition in June 2002. Appellant appealed. This Court remanded for a **Grazier**[2] hearing, and in September 2009, Appellant was permitted to proceed *pro se*. In July 2003, this Court remanded the case for a second time to allow consideration of Appellant's additional twenty-eight claims raised in response to the PCRA court's Pa.R.Crim.P. 907 notice. **Commonwealth v. Hall**, 832 A.2d 536 (Pa. Super. 2003) (unpublished memorandum)*.* In January 2004, following a review of the additional claims the PCRA court dismissed Appellant's petition. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. **Commonwealth v. Hall**, 867 A.2d 619 (Pa. Super. 2005), *appeal denied*, 895 A.2d 549 (Pa. 2006).

Appellant filed his second PCRA in November 2007, which was dismissed by the PCRA Court in August 2008. This Court affirmed in August 2009. **Commonwealth v. Hall**, 984 A.2d 1013 (Pa. Super. 2009) (unpublished memorandum). In July 2010, Appellant filed his third PCRA petition, which was dismissed as untimely. This Court quashed Appellant's appeal in April 2014, and the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Hall**, 102 A.3d 546 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 104 A.3d 523 (Pa. 2014). In

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

February 2015, Appellant filed his fourth PCRA petition, which was dismissed as untimely; this Court affirmed. *Commonwealth v. Hall*, 135 A.3d 648 (Pa. Super. 2015) (unpublished memorandum).

Appellant filed the instant PCRA petition, his fifth, on February 10, 2016, seeking relief based upon new evidence. According to Appellant, detectives met with him, apologized for his wrongful conviction and suggested they had new evidence, which they could not disclose. PCRA Petition, 2/10/16 at 4. In March 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response to the dismissal notice. In April 2016, the PCRA court dismissed Appellant's petition without a hearing. In May 2016, Appellant timely filed a notice of appeal.

Appellant raises the following issues, restated for clarity:

1. Did the PCRA court err in denying Appellant's PCRA Petition as untimely filed when the new facts from the homicide detectives and District Attorney exonerate Appellant?

2. Did the PCRA Court err in denying Appellant's PCRA petition as untimely filed when the new facts from Elwood Quillen finalized his parole in the Joseph Dukuly case and exonerates Appellant?

3. Did the PCRA court err in denying Appellant's PCRA petition as untimely filed when the new facts from Keith Brown, who was not available May 20, 1998, exonerate Appellant?

4. Did the PCRA court err in denying Appellant's PCRA petition as untimely when Kacenia Anderson provided false statements to authorities?

5. Did the PCRA court err in denying Appellant's PCRA petition as untimely when the new fact that Jose Miller was a paranoid

schizophrenic and mentally incompetent was not public record and exonerates Appellant?

6. Did the PCRA court err in denying Appellant's PCRA petition as untimely when new forensic science technology exonerates Appellant?

7. Did the PCRA court err in denying Appellant's PCRA petition as untimely when the 911 calls reporting Elwood Quillen and the murder were not public record?

8. Did the PCRA court err in denying Appellant's PCRA petition as untimely when the new facts from Karen Byrd and Daniel Alva, Esq. exonerate Appellant?

Appellant's Brief at vi – vii.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

First, we address Appellant's assertion that the PCRA court erred in finding his petition untimely. Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (citing *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (1998)). Here, Appellant's judgment of sentence became final on September 11, 2000, when the 90 day period for filing for writ of *certiorari* with the United

- 4 -

States Supreme Court expired. *See* 42 Pa.C.S. §9545(b)(3); Sup. Ct. R.13. The instant PCRA was filed on February 10, 2016; sixteen years after the judgment of sentence became final.

Appellant's petition is patently untimely, and for the court to have jurisdiction to review the merits of Appellant's claims he must plead and prove the applicability of one of the exceptions to the timeliness requirement. *See Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) ("It is the Appellant's burden to allege and prove that one of the timeliness exceptions applies.").

There are three statutory exceptions:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 PA.C.S. § 9545(b)(2).

Appellant does not dispute that his petition is untimely; rather, Appellant acknowledges that he must avail himself of one of the exceptions

set forth in section 9545(b)(1)(i)-(iii) in order for this Court to have jurisdiction to reach the merits of his claims. ***Bennett***, 930 A.2d at 1267 (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Appellant asserts that his petition meets the timeliness exception found in 42 Pa.C.S. § 9545(b)(1)(ii). Under 42 Pa.C.S. § 9545(b)(1)(ii), Appellant must prove that (1) this fact was unknown to him and (2) that he could not have ascertained this fact previously by the exercise of due diligence. ***Bennett,*** 930 A.2d at 1270-72. Due diligence requires that the petitioner make reasonable steps to protect his own interest. ***Commonwealth v. Carr,*** 768 A.2d 1164, 1168 (Pa. Super. 2001).

Appellant asserts that he learned of the alleged new facts during an April 2011 meeting with Detectives Robert Fuss and Francis Higgin. Appellant then waited five years before filing the instant petition. Thus, Appellant's claims are beyond the sixty day timeliness requirement for asserting a newly discovered fact.

Furthermore, Appellant's fourth, fifth, and seventh claims were previously litigated. The petitioner must establish that the claims presented in the petition were neither previously litigated nor waived. ***Commonwealth v. Pursell***, 749 A.2d 911, 915 (Pa. 2000). "An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b); ***Commonwealth v. Hall***, 872 A.2d

1177, 1181-82 (Pa. 2005). An issue is previously litigated when: "(2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(2), (3).

In summary, Appellant's petition was patently untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Accordingly, the PCRA court did not have jurisdiction to review the merits of Appellant's claims and properly dismissed his petition.

In November 2016, Appellant filed an application for relief, requesting leave to submit newly discovered facts. Any new facts asserted by Appellant must be presented in a proper petition for collateral relief.[3]

Order affirmed. Application for relief denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017

_____

[3] **See Commonwealth v. Jones**, 815 A.2d 598, 604 (Pa. 2002) (an "appellant does not…have the right to amend his PCRA petition after the lower court has already denied it.") (internal punctuation modified).